**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **MAG. NO. 19-184 (RMM)** |
| | : | |
| **MARCUS FENWICK,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(2)(A) and 18 U.S.C. § 3142 (d)(1)(A)(ii) of the federal bail statute.   The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I.   Procedural History

At the initial appearance on December 17, 2019, the government orally moved for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, which was granted by the Court.   The Court set a detention hearing for Thursday, December 19, 2019.

### II.   Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).   The parties may proceed by way of proffer and hearsay is permitted.   Id.;

United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).   Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."   United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).   A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.   Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.   See 18 U.S.C. § 3142(g).   A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the appearance of the defendant as required or the safety of the community. Therefore, the defendant should be detained. See 18 U.S.C. § 3142(e)(1).

### A.    Nature and Circumstances of the Offenses Charged

On January 28, 2016, the defendant pled guilty and was convicted of Conspiracy to Distribute and Possess With Intent to Distribute 100 Grams or More Phencyclidine (PCP) in Case No. 15 CR 25. On April 22, 2016, the defendant was sentenced by U.S. District Judge Friedman to sixty (60) months of imprisonment, followed by five (5) years of supervised release. The defendant was allowed to complete the end portion of his sentence at Hope Village residential

reentry center.

On January 17, 2019, the defendant started his halfway house placement at Hope Village Residential Reentry Center.   Thereafter, on May 12, 2019, the defendant was observed coming from an unauthorized area of the facility and was subjected to an administrative search.   During the search, the defendant was directed to empty his pockets at which time the defendant removed a zip lock bag containing a green leafy substance and placed it on the desk.   When a staff member attempted to remove the bag from the desk, the defendant grabbed the bag and indicated that he was leaving.   The defendant then proceeded to walk out of the halfway house.   He never returned. As a result, the defendant was placed on escape status and dropped from the official count for the facility.   Upon information and belief, the defendant surrendered to the United States Marshals on Tuesday, December 17, 2019.

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention.   Here, a grand jury found probable cause to believe that the defendant escaped from the custody of the Bureau of Prisons.   The nature of this offense weighs heavily in favor of detention.

**B.**      **Weight of the Evidence Against the Defendant**

The evidence against the defendant is quite strong.   As set forth above, the defendant knowingly and willingly absconded from the residential reentry center, in violation of the terms of his furlough.   The defendant knew about the rules and requirements related to his furlough to and residency at the residential reentry center because he signed documentation agreeing to the placement and memorializing his understanding on the Furlough Application – Approval and Record. The defendant also signed the required Conditions of Furlough form.

**C.**     **The Defendant's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention.   The defendant's criminal history includes the following prior convictions:

- Conspiracy to Distribute and Possess With Intent to Distribute 100 Grams or More Phencyclidine (PCP) (Washington, D.C., 2016)

The government further directs the Court's attention to additional information contained on page 4 of the defendant's Pretrial Services Agency report, which is relevant to the Court's bond analysis in this matter. The government submits that the defendant should not be released.

**D.**     **Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention.   Though the charged offense here is Escape from Custody, the government notes that at the time of his arrest, the defendant was under order of the court to complete a sentence in relation to a very serious Controlled Substance Act offense.   Given the defendant's contacts with the criminal justice system and the considerable length of time that the defendant was in abscondence, the defendant should be held without bond pending trial.

**E.**     **There is No Condition or Combination of Conditions that Would Ensure the Defendant's Appearance or Compliance with Court-Ordered Release Conditions**

The defendant's criminal history and instant arrest warrant pre-trial detention. The government's evidence strongly supports the argument that the defendant will continually circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the community safe.

**III.   Conclusion**

4

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:        /s/
LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorneys
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Jose German via the Electronic Case Filing (ECF) system, this 18th day of December, 2019.

        /s/
Lisa N. Walters
Assistant United States Attorney